UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 14-20010-CIV-MORENO**

VITALII PYSARENKO,

    Plaintiff,

vs.

CARNIVAL CORP. d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING PLAINTIFF'S MOTION TO REMAND

This case comes before the Court on Defendant's Motion to Compel Arbitration and on Plaintiff's Motion to Remand to state court. Plaintiff is a seaman, and Plaintiff has filed a Complaint seeking damages based upon a back injury that occurred while Plaintiff was employed by the Defendant for (1) negligence under the Jones Act, (2) unseaworthiness, (3) failure to provide maintenance and cure, (4) failure to treat, and (5) failure to provide proper wages under 46 U.S.C. § 10313. For the reasons discussed below, the Court GRANTS Defendant's Motion to Compel Arbitration and DENIES Plaintiff's Motion for Remand.

**I. Background**

Plaintiff is a Ukranian citizen living in Bulgaria and was a sailor on the *Carnival Dream*. The vessel was registered in Panama, but was based in Port Canaveral, Florida. On November 30, 2010, Plaintiff injured his back while transporting karaoke equipment while on board the vessel. Plaintiff sought assistance from the ship's doctor, who provided him with pain medication. Nevertheless,

Plaintiff claims his pain worsened and his condition deteriorated. This action stems from those injuries.

Plaintiff signed a seafarer agreement with Defendant. Under that agreement, any dispute other than a wage dispute was to be arbitrated in either London, United Kingdom; Monaco; Panama City, Panama; or Manila, Philippines, whichever is closest to the sailor's home country. The agreement also provided that the agreement would be governed by the nation of the flag of the vessel - in this case Panama. Defendant has moved to compel arbitration in Monaco, the closest location to Bulgaria. Plaintiff has moved to remand.

## II. Analysis

### A. Defendant's Motion to Compel Arbitration

Defendant has moved to compel arbitration citing statutory and Eleventh Circuit precedent. In its response, Plaintiff argues that, as wards of admiralty, seamen are exempt from compelled arbitration under Federal law. Plaintiff further argues that arbitration clause is unconscionable and thus "null and void." He then argues that the arbitration clause is unenforceable because it deprives Plaintiff of U.S. statutory remedies. Plaintiff finally argues that Congress exempted seamen's contracts from arbitration in the Federal Arbitration Act. For the reasons discussed below, each of these defenses to the enforcement of the arbitration clause in Plaintiff's seafarer agreement fail.

Agreements to arbitrate are governed by the Convention of the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). The United States has acceded to the Convention, and it has been codified in the Federal Arbitration Act 9 U.S.C. §§ 201-211. Federal courts have the power to compel arbitration pursuant to an agreement to arbitrate, even where the arbitration is to be held outside of the United States. 9. U.S.C. § 206. There is strong presumption in favor of

enforcing arbitration clauses in the context of international commercial disputes. *Lindo v. NCL (Bahamas)*, 652 F.3d 1257, 1269, 1275 (11th Cir. 2011). Claims arising under U.S. statutory law are arbitrable. *Id.* at 1275-76; *Bautista v. Star Cruises*, 396 F.3d 1289, 1303 (11th Cir. 2005) (Jones Act claims arbitrable).

The district court must compel arbitration under the Convention provided that (1) the four jurisdictional prerequisites are met, and (2) none of the Convention's affirmative defenses apply. *Bautista v. Star Cruises*, 396 F.3d at 1294-95. The four jurisdictional prerequisites are:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Id.* at 1295 n.7.

Plaintiff has not challenged any of the four jurisdictional prerequisites; instead, he raises only affirmative defenses. This Court finds that the prerequisites are present. The agreement is in writing. It provides for arbitration to be held in either the United Kingdom, Monaco, Panama, or the Philippines, whichever is closest to the sailor's home country. In this instance, that would be Monaco, which is closest to Bulgaria. Monaco is a signatory to the convention. The United Kingdom, the Philippines, and Panama are also member states to the convention. The employment relationship, based on a contract, is a legal one that is considered commercial. *See Lobo v. Celebrity Cruises, Inc.*, 426 F.Supp.2d 1296, 1298-99 (S.D. Fla. 2006). Plaintiff is not an American citizen. Thus, all four jurisdictional prerequisites are satisfied.

The defenses to enforcement are contained in Article II of the convention, and bar arbitration

where the agreement "is null and void, inoperative, or incapable of being performed." *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d at 1272. The "null and void" defenses are limited to standard breach of contract defenses and "must be interpreted to encompass only those situations - such as fraud, mistake, duress, and waiver - that can be applied neutrally on an international scale." *Bautista v. Star Cruises*, 396 F.3d at 1302. The Eleventh Circuit has rejected unconscionability as grounds for declaring an arbitration agreement null and void. *Id.*; *see also Lindo*, 652 F.3d at 1273.

### 1. Seamen Are not Free from Arbitration Under the Convention

Plaintiff first argues that seamen, as wards of maritime law, are free to access the courts of their choosing. There is significant overlap with Plaintiff's fourth argument, that seamen's employment contracts are exempt from arbitration under the Federal Arbitration Act. These two arguments are both in conflict with Eleventh Circuit precedent and will be discussed together. Plaintiff is correct that American courts have long acted to protect the interests of seafarers. *See, e.g., Aguilar v. Standard Oil Co.*, 318 U.S. 724 (1943) ("with the combined object of encouraging marine commerce and assuring the well-being of seamen, maritime nations uniformly have imposed broad responsibilities for their health and safety upon the owners of ships. In this country these notions were reflected early, and have since been expanded, in legislation designed to secure the comfort and health of seamen aboard ship..."). In *Atlantic Sounding Co., Inc. v. Townsend*, the Supreme Court recently reaffirmed that the Jones Act 'was remedial, for the benefit and protection of seamen who are peculiarly the wards of admiralty[] [ and its] purpose was to enlarge that protection, not narrow it." *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 417 (2009).

*Townsend*, however, provides Plaintiff with no protection in this instance. That case held that a seaman was entitled to seek punitive damages where the shipowner willfully and wantonly

-4-

disregarded its obligations of maintenance and cure. *Id.* at 424. That case did not concern or even mention arbitration under the Convention. Eleventh Circuit cases, both before and after *Townsend* have consistently enforced arbitration in disputes arising out of seafarer agreements where, as here, the jurisdictional prerequisites for arbitration under the convention are met. *See, e.g., Lindo*, 652 F.3d at 1273; *Bautista v. Star Cruises*, 396 F.3d at 1302; *Lobo*, 488 F.3d at, 895; *Paucar v. MSC Crociere S.A.*, 2014 WL 57740 at *3 (11th Cir. Jan. 8, 2014); *Martinez v. Carnival Corp.*, 744 F.3d 1240, at *5 (11th Cir. Feb. 24, 2014).

Plaintiff likewise cites *U.S. Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351 (1971) for the proposition that seafarers are exempt from being compelled to arbitrate. Like *Townsend*, *Arguelles* is completely irrelevant to Plaintiff's claims. In that case, the Supreme Court denied shipowner's attempt to compel arbitration of plaintiff's wage claim under 46 U.S.C. § 596, the predecessor to the Seaman Wage Act, under the Labor Management Relations Act of 1947. *Id.* at 356. *Arguelles* did not discuss the Convention. Indeed, the United States implemented the Convention after the arguments and briefing in *Arguelles* and only days before the Supreme Court handed down its opinion in *Arguelles. Lobo v. Celebrity Cruises, Inc.*, 488 F.3d 891, 895 (11th Cir. 2007). In *Lobo*, the eleventh Circuit rejected the argument that *Arguelles* precluded the application of the Convention to claims under the Seaman's Wage Act. *Id.* at 896.

Plaintiff finally argues that *the Jones Act* represents Congressional intent to provide seafarers access to United States Courts and that Congress specifically exempted seamen's employment contracts from the Federal Arbitration Act. Neither contention is true. The Eleventh Circuit has specifically held that Jones Act claims are covered by the Convention. *Bautista,* 396 F.3d at 1303. The Supreme Court has found that the United States' accession to the Convention is "strongly

persuasive evidence of congressional policy consistent with enforcement of arbitration agreements in disputes arising out of international commercial transactions. *Scherck v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). The Eleventh Circuit has applied this language to arbitration clauses in seafarer disputes. *Lobo*, 488 F.3d at 895-96. Indeed, it has determined that "to read industry-specific exceptions into the broad language of the Convention Act would be to hinder the Convention's purpose." *Bautista*, 396 F.3d at 1299. Thus, Plaintiff's arguments are unpersuasive. Seamen are not free from arbitrating under the Convention.

### 2. Unconscionability is Not a Defense Plaintiff Can Raise Under the Convention

Plaintiff next argues that the arbitration clause in unconscionable, and thus "null and void" under Article II of the Convention. As discussed above, only standard breach of contract defenses that can be applied neutrally on an international scale, such as fraud, mistake, duress, and waiver, qualify for the "null and void" defense. *Bautista*, 396 F.3d at 1302. The Eleventh Circuit has rejected unconscionability as grounds for declaring an arbitration agreement null and void. *Id.*; *see also Lindo*, 652 F.3d at 1273. In *Bautista*, the Eleventh Circuit reasoned that "[i]t is doubtful that there exists a precise universal definition of the unequal bargaining power defense that may be applied effectively across the range of countries that are parties to the Convention, and absent any indication to the contrary, we decline to formulate one." *Bautista*, 396 F.3d at 1302. Recently, it explicitly reiterated that "*Bautista* forecloses the argument that Article II includes an affirmative defense based upon unconscionability." *Singh v. Carnival Corp.*, 2013 WL 5788581 (11th Cir. Oct. 29, 2013).

Plaintiff has advanced procedural and substantive unconscionability arguments that have likewise been rejected by the Eleventh Circuit on previous occasions. Plaintiff attempts to cobble together a coalition of state law rules, irrelevant authority, and previously rejected arguments to

-6-

attempt to skirt the Eleventh Circuit's clear directive regarding unconscionability. Because of the Eleventh Circuit's consistent and unambiguous holdings that unconscionability is no defense to enforcement of arbitration under the Convention, the Court deniesPlaintiff's arguments on this basis.

### 3. Plaintiff's Arguments that the Arbitration Denies him his Remedies Under U.S. Law Must Fail

Plaintiff finally argues that the arbitration clause is unenforceable because it deprives Plaintiff of statutory remedies under U.S. law. Plaintiff again cites cases that provide no support. There is a strong presumption in favor of arbitration, and U.S. statutory claims are arbitrable. *Lindo*, 652 F.3d at 1269. Plaintiff has presented the Court with no reason to deviate from this strong presumption. As such, Plaintiff's arguments do not with the Court.

Plaintiff first relies on *American Exp. Co. v. Italian Colors Restaurant*, 122 S. Ct. 2304 (U.S. 2013) in arguing that his claims are not arbitrable. This case, citing *Mitsubishi Motors Corp. v. Soler-Plymouth, Inc.*, 473 U.S. 614 (U.S. 1985), briefly discussed the "effective vindication" exception to compelled arbitration, which the Court notes "finds its origin in the desire to prevent prospective waiver of a party's right to pursue statutory remedies." *American Exp. Co. v. Italian Colors Restaurant*, 122 S. Ct. at 2310 (*citing Mitsubishi Motors*, 473 U.S. at 637). The Court further noted that the exception "would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights[] [a]nd it would perhaps cover filing and administrative fees attached to arbitration that are so high as to make access to the forum impractical." *Id.* at 2311. Importantly, *American Express*, like *Mitsubishi Motors* and other Supreme Court cases that have discussed the issues, did not actually invalidate the arbitration agreement at issue. *Id.* at 2310.

Plaintiff further argues that enforcing the arbitration enforcement is against public policy. The

Eleventh Circuit has previously explained that Courts a party seeking to oppose arbitration cannot raise a public policy defense at the award-enforcement stage. *Lindo*, 652 F.3d at 1281-82. Supreme Court precedent permits choice-of-law clauses to be enforced "even if the substantive law applied in arbitration potentially provides reduced remedies or fewer defenses than those available under U.S. law." *Id.* at 1269. Public Policy defenses are governed by Article V of the Convention, while the affirmative defenses that can be raised at the arbitration stage are governed by Article II. *Id.* at 1281. Even where the contract expressly provides that foreign law will govern, "courts should not invalidate an arbitration agreement at the arbitration-enforcement stage on the basis of speculation about what the arbitrator will do, as there will be a later opportunity to review an arbitral award." *Lindo*, 652 F.3d at 1269 (*analyzing Vimar Seguros y Reaseguros v. M/V Sky Reefer*, 515 U.S. 528, 540-41 (1995)).

After the *American Express* decision, the Eleventh Circuit determined that the decision did not change this analysis. Indeed, the Court has recently reaffirmed the *Lindo* decision. *Paucar v. MSC Crociere S.A.*, 2014 WL 57740 at *2 n.1. In *Paucar*, the Eleventh Circuit determined that, in *American Express*, "[t]he Supreme Court gave no further guidance on the doctrine's application that would alter our previous understanding of it. Consequently, that case does not permit us to ignore *Lindo's* conclusion that *Mitsubishi* provides no basis for refusing to enforce an agreement to arbitrate." *Id.*

In further support of its public policy argument, Plaintiff cites *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009). On a lazy reading, this case would provide Plaintiff with some support. However, the Court in *Lindo* repudiated *Thomas* for failing to follow the rules set forth in *Bautista* and discussed above. In subsequent cases, the Eleventh Circuit has consistently followed *Lindo* and

-8-

*Bautista* and has declined to apply *Thomas*. *See Paucar v. MSC Crociere S.A.*, 2014 WL 57740 at *2. Indeed, Plaintiff fails to cite one case where the Eleventh Circuit has applied *Thomas* to the detriment of the rules advanced by *Lindo*.

Plaintiff next cites *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306 (1970) for the proposition that a choice of law analysis would clearly favor applying American law and denying the motion to compel arbitration. The issue in *Rhoditis*, however, was whether the Defendant was an employer for the purposes of the Jones Act. *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. at 308-09. The case did not discuss the Convention. Thus, the test employed by the Supreme Court in *Rhoditis* is of no moment to the instant dispute.

Next, Plaintiff appears to cite the Federal Employers' Liability Act, 45 U.S.C. § 55 to void the arbitration agreement. Section 55 prohibits employers from conditioning employment on a waiver of the rights contained in the Act. Plaintiff argues that because § 55 has been applied to seamen, and because *Thomas*, a case about seamen, has voided an arbitration agreement as against public policy, that § 55 voids the arbitration agreement in the present case. Plaintiff in essence is attempting to use the transitive property to avoid arbitration. This tactic fails.

The case plaintiff cites to apply § 55 to the present case is *Sea-Land Svc., Inc. v. Sellan*, 231 F.3d 848 (11th Cir. 2000). In *Sellan*, the vessel owner who had previously settled with a seaman for a back injury brought a declaratory action to prevent the seaman from pursuing a second action for subsequent injuries to his back. *Id.* at 850-51. Plaintiff and Defendant had previously settled a suit for injuries to plaintiff that encompassed his entire expected working life. *Id.* at 852. As part of the settlement, the parties agreed that plaintiff would never again work for defendant. *Id.* at 850. The settlement also provided that, should plaintiff end up employed by defendant, defendant would not

be liable to him for any injury or reinjury. *Id.* The Eleventh Circuit held that the settlement agreement did not violate the Federal Employers' Liability Act, and thus plaintiff could not sue for the second injury. *Id.*

Like *Rhoditis*, *Sellan* does not apply or even discuss the Convention. Indeed, beyond the fact that both the plaintiff in *Sellan* and the Plaintiff in this case were both seafarers who suffered back injuries, there is nothing that comes across as applicable from that case to this one. Plaintiff does not even identify which right under the Federal Employers Liability Act he supposedly gave up in the contract. The Court will not apply the Federal Employers Liability Act.

If the Court compels arbitration, Plaintiff argues that the Court should sever the choice of law provision and apply United States law. Plaintiff's best argument is that the contract does not provide for choice of law. The seafarer's agreement provides that disputes under the agreement "shall be resolved in accordance with the laws of the flag of the vessel on which the Seafarer is assigned at the time the cause of action accrues." Because the contract does not specify a country whose laws will apply, and because Carnival ships fly at least four different flags of convenience[1], Plaintiff argues that the contract is silent as to a material term and that the Court should not provide one on its own. While this is a novel argument, Plaintiff has provided no federal law supporting this interpretation of contract law. Defendant counters that the flag of the vessel at the time of Pysarenko's injury was Panama, and Defendant is seeking to apply Panamanian law. The Court will follow the well-worn path leading from Defendant's choice of law arguments and compel arbitration.

Additionally, choice of law clauses in contracts are unenforceable "only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair."

---

[1] The four nations are Panama, Liberia, Malta, and Bahamas.

*Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1288 (11th Cir. 1998). Plaintiff has presented no argument that arbitration under Panamanian law would be "fundamentally unfair." For the above reasons, this Court will enforce arbitration pursuant to the Convention, as Plaintiff's public policy arguments are premature and the Court will have a later opportunity to review the arbitral award.

### 4. Conclusion

Conducting the "limited inquiry" as it must at this stage, the Court concludes that all jurisdictional prerequisites apply and that Plaintiff has not raised any satisfactory Article II defenses. As such, the Court will compel arbitration.

### B. Plaintiff's Motion for Remand

Plaintiff has moved to remand the case to state court. Plaintiff argues that (1) Jones Act claims are not removable under 28 U.S.C. §1445(a); (2) Plaintiff's other claims are properly in state court under 28 U.S.C. § 1333's "savings and suitors clause;" and (3) the arbitration clause in the contract is null and void as violating public policy. None of these arguments is persuasive, and the Court DENIES Plaintiff's Motion for Remand.

### 1. Jones Act Claims

Plaintiff first argues that Jones Act claims are ordinarily not removable under 28 U.S.C. §1445(a). Traditionally, Jones Act cases are not removable to federal court. *Pate v. Standard Dredging Corp.*, 192 F.3d 498, 500 (5th Cir. 1952); *Cusha v. Ross*, 950 F.Supp.2d 1276, 1278 (N.D. Ga. 2013). Nevertheless, an exception exists that, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards], the defendant or

-11-

defendants, may, at any time before the trial thereof, remove such action or proceeding to the district court." 9 U.S.C. § 205. The Eleventh Circuit has found that Jones Act Claims fall under the scope of seamen's arbitration clauses. *See Montero v. Carnival Corp.*, 523 Fed.Appx. 623, 627-28 (11th Cir. 2013).

By its own terms, § 205 permits removal of claims from state court where the removal comes under an arbitration agreement under the Convention. The Court notes that *Pate* held that §1445(a) prohibited removal of Jones Act claims. *Pate v. Standard Dredging Corp.*, 193 F.2d at 501. This case is easily distinguished, as it occurred 20 years before the Convention and is thus not relevant to the issues at hand. The better view is one recently expressed by the Fifth Circuit, that "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). In *Beiser*, the Fifth Circuit found discussed the parameters of the "relates to" language in § 205 and determined that the language was broadly construed. *Id.* While the Eleventh Circuit has not discussed the meaning of "relates to" at such length, it has long held that cases may be removed under § 205 where they relate to an arbitration agreement under the Convention. *See, e.g., Bautista*, 396 F.3d at 1292.

Finally, while this explicit issue has not been clearly addressed by the Eleventh Circuit, the jurisprudence of this district and the Eleventh Circuit is filled with cases that were removed from state court. *See, e.g., Lindo*, 652 F.3d at 1273; *Bautista*, 396 F.3d at 1292; *Singh*, 2013 WL 5788581 at *1. There are cases where the district court remanded based the nonremovability of Jones Act claims; these cases, however, relied on *Thomas* and occurred before *Lindo*. *See, e.g. Sivanandi v. NCL (Bahamas) Ltd.*, 2010 WL 1875685 (S.D. Fla. Apr. 15, 2010); *Williams v. NCL (Bahamas) Ltd.*,

774 F.Supp.2d 1232 (S.D. Fla. 2011) (*reversed and vacated by Williams v. NCL (Bahamas) Ltd.*, 686 F3d 1169 (11th Cir. 2012) (*withdrawn and vacated by Williams v. NCL (Bahamas) Ltd.*, 691 F.3d 1301 (11th Cir. 2012)). This Court therefore finds, as other courts in this district have, that Jones Act claims are removable under the Convention. *Allen v. Royal Caribbean Cruise, Ltd.*, 2008 WL 5095412 at *4 (S.D. Fla. Sept. 30, 2008); *Acosta v. Norwegian Cruise Lines, Ltd.*, 303 F.Supp.2d 1327, 1331 (S.D. Fla. 2003).

### 2. 28 U.S.C. § 1333 Saving to Suitors Clause

Plaintiff next argues that the "saving to suitors" clause of 28 U.S.C. § 1333 requires that the case be remanded to state court. Section 1333 provides in relevant part that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). In *Cappello v. Carnival Corp.*, 2012 WL 3291844 at *6 (S.D. Fla. Aug. 10, 2012), the district court remanded based on Plaintiff's saving to suitors clause argument. That case, however, did not discuss the clause, but deemed it admitted by Defendant because Defendant did not discuss it in its response brief to Plaintiff's motion to remand. *Id.* Plaintiff has not even cited this case, and, in any event, Defendant has provided a counter argument to the Plaintiff's claim.

Plaintiff cites a handful of Fifth Circuit and Supreme Court cases. All cases were pre-Convention and thus not applicable to the facts before the Court. The Court finds that § 1333 does not bar application of the Convention, as the Convention is to be applied broadly.

### 3. Public Policy

Finally, Plaintiff argues that the arbitration clause and choice-of-law provision in the contract

are void against public policy. As discussed *supra*, any public policy argument is premature.

The Court DENIES Plaintiff's Motion to Remand.

## IV. Conclusion

THE COURT has considered the motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that

(1) Defendant's Motion to Compel Arbitration is GRANTED.

(2) Plaintiff's Motion to Remand is DENIED.

(3) This case is DISMISSED. The Court will retain jurisdiction to enforce the arbitration award.

DONE AND ORDERED in Chambers at Miami, Florida, this 30st day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record